[No. 8047–4–I.   Division One.   August 4, 1980.]

THE FRIENDS OF EBEYS, ET AL, *Appellants,* v. THE
BOARD OF COUNTY COMMISSIONERS OF ISLAND
COUNTY, ET AL, *Respondents.*

*Roger M. Leed* and *Michael W. Gendler,* for appellants.

*David F. Thiele, Prosecuting Attorney, Alan R. Hancock, Deputy, Thom, Navoni, Hoff, Pierson & Ryder, Stephen Ryder, Dale Kingman,* and *Chester C. Adair,* for respondents.

DORE, J.—Plaintiffs appeal a trial court summary judgment order allowing defendants to subdivide their property into 5–acre tracts.

ISSUES

1. Whether 5–acre conveyances in Island County are exempt from state and local platting regulations.

2. Whether the 1½–acre tracts created by the state condemnation action are illegal.

FACTS

This case presents a land use controversy involving the subdivision of Ebey's Landing and Ebey's Prairie. Plaintiff is an unincorporated association consisting of individuals residing on property located adjacent to Ebey's Prairie. Defendants are the owners of approximately 318 acres of Ebey's Prairie.

The property in controversy can be divided into three distinct areas, to wit: (1) the "farm" portion which comprises about 200 acres, (2) the "ridge" portion which consists of 100 acres on the perimeter of the farm, and (3) the "bluff" portion which consists of waterfront and uplands property. All but 9 acres of the "bluff" property was acquired by the Washington State Department of Parks and Recreation in a 1978 condemnation action.

Prior to 1978, the area in controversy was owned by two widows, Marion Smith and Roberta Smith Hem. In 1978, the Smiths decided to sell a portion of their land. To effectuate such a sale, the Smiths filed an application with Island County to long plat 77 acres of the "ridge" property. In May 1977, a member of the plaintiff association threatened to file suit to delay the partition. Thereafter the Smiths withdrew their long plat application. Subsequently the Smiths decided to partition the land into 5–acre tracts pursuant to certain exemptions contained in state statutes and local ordinances. As a result of these conveyances, on June 13, 1978, Roberta Smith Hem and her two sons, Carl and Steven, acquired 5–acre tracts located on the "farm" portion; Marion Smith received 5–acre tracts located on the "ridge," and the Smiths sold defendant Wagner twenty 5–acre tracts located on the "farm," "ridge" and "bluff" portions.

After completing these subdivisions and conveyances, the defendants submitted applications to short plat several 5–acre tracts into 1¼–acre lots. The County denied these applications on the basis that residential development was incompatible with the County's comprehensive plan. The comprehensive plan, adopted in August 1977, has no exemptions, except a 20–acre exemption for farm and agricultural lands. All of Ebey's Prairie is designated as "agricultural" and "rural" in the comprehensive plan.

After learning of the 5–acre conveyances, plaintiff Pickard demanded that the county prosecutor file suit against defendants for evasion of the Island County Long Plat Resolution. Island County Code, ch. 16.01 requires long plat approval for all subdivisions unless they are in excess of 10 acres for agricultural purposes. After researching the issue, the county prosecutor concluded that there was a discrepancy between his interpretation of Island County's Long Plat Resolution and the county planning department's policy, which was to exempt any division of land into tracts of 5 acres or more.

The county prosecutor urged the county commissioners to clarify the situation. Thereafter, the county commissioners enacted Ordinance PD 78–02[1] which (1) recognizes the

---

[1] "WHEREAS, it has come to the attention of the Island County Board of Commissioners that certain inconsistencies presently exist between Island County Code, ch. 16.01 relating to plats, subdivisions and dedications and Island County Code 16.04 relating to short plats and short subdivision in that divisions of land into four or fewer tracts of five acres or more are exempt from coverage in ICC 16.04; whereas ICC 16.01, in its present form, requires that all divisions of land into two or more tracts, except divisions of land for agricultural purposes in parcels of more than ten acres, proceed through the long plat process; and

"WHEREAS, Island County believed and represented to the public that any division of land into tracts of five acres or more is not required to proceed through any platting process, and the public has relief upon such representation; and

"WHEREAS, an exemption from platting for five acre tracts is expressly authorized by RCW 58.17.040; and

"WHEREAS, an exemption from platting for five acre tracts is in the best interest of the public welfare, Now, THEREFORE,

"BE IT ORDAINED by the Board of Commissioners of Island County as follows: Chapter 16.01 of the Island County Code and the resolution passed September 13,

County's past policy of exempting 5-acre subdivisions, (2) states that the public has relied on this policy, and (3) validates all past and future 5-acre subdivisions of land. Defendants rely on the recitations contained in this ordinance which acknowledge a prior practice by Island County to exempt 5-acre subdivisions.

Plaintiffs filed suit in September 1978, seeking injunctive relief and a declaration that the June 13, 1978 subdivision was unlawful. The trial court granted defendants' motion for summary judgment. Plaintiffs appealed the order to the Supreme Court. In the interim, defendants sold six 1½-acre parcels from six different 5-acre subdivisions on the "bluff" remaining after the state condemnation proceeding. The Supreme Court subsequently entered an order transferring plaintiffs' appeal to this court.

ISSUE 1: The 5-acre conveyances are exempt from state and local platting regulations.

In 1969, the Washington State Legislature enacted a new platting law, RCW 58.17, to regulate the subdivision of land. RCW 58.17.040[2] states that the new law shall not

---

1965, are hereby amended in accordance with the following provisions (exclusive of footnotes and historical notes):

"*16.01.003 Definitions.* . . .

"*s. Subdivision.* A division of a lot, tract or parcel of land into two or more lots or other divisions of land for the purpose, immediate or future, of transfer of ownership or development, including all changes in streets or lot lines, provided, however, that the provisions of this chapter shall not apply to any division of land not containing a dedication in which the smallest lot created by the division equals or exceeds five acres in area, or equals or exceeds 1/128th of a section by standard sectional subdivision.

"*16.01.014 Validation of Certain Prior Subdivisions.* Any and all divisions or subdivisions of land not containing dedications in which the smallest lot created by the division or subdivision equals or exceeds five acres in area or equals or exceeds 1/128th of a section by standard sectional subdivision, heretofore made, executed, established, and/or created are hereby declared to be legal and valid and of full force and effect."

[2] "58.17.040 Provisions inapplicable, when. The provisions of this chapter shall not apply to:

" . . .

apply to subdivisions of 5 acres or more "unless the governing authority of the city, town, or county in which the land is situated shall have adopted a subdivision ordinance requiring plat approval of such divisions . . ." In addition, RCW 58.17.900[3] expressly preserves the validity of all local ordinances and resolutions enacted prior to the passage of the state law as long as they are in "substantial compliance with the provisions of this chapter, . . ." In 1965, prior to the enactment of the state law, Island County passed a platting resolution requiring plat approval for all subdivisions into 5–acre parcels. Only subdivisions divided into 10–acre tracts for agricultural purposes were exempt. ICC 16.01.003(5).[4]

Plaintiffs contend that the above statutory scheme required the defendants to obtain long plat approval before subdividing their property into 5–acre tracts. Plaintiffs argue as follows:

RCW 58.17.040 exempts 5–acre subdivisions but allows for more comprehensive local regulation. Island County's

---

"(2) Divisions of land into lots or tracts each of which is one–one hundred twenty–eighths of a section of land or larger, or five acres or larger if the land is not capable of description as a fraction of a section of land, unless the governing authority of the city, town, or county in which the land is situated shall have adopted a subdivision ordinance requiring plat approval of such divisions: *Provided,* That for purposes of computing the size of any lot under this item which borders on a street or road, the lot size shall be expanded to include that area which would be bounded by the center line of the road or street and the side lot lines of the lot running perpendicular to such center line".

[3]"58.17.900 Validation of existing ordinances and resolutions. All ordinances and resolutions enacted at a time prior to the passage of this chapter by the legislative bodies of cities, towns, and counties and which are in substantial compliance with the provisions of this chapter, shall be construed as valid and may be further amended to include new provisions and standards as are authorized in general law. [1969 ex.s. c 271 § 33.]"

[4]"SUBDIVISION—A division of a lot, tract or parcel of land into two or more lots or other divisions of land for the purpose, immediate or future, of transfer of ownership, or development, including all changes in streets or lot lines provided, *however, that divisions of land for agricultural purposes, in parcels of more than ten (10) acres, not involving any new street or easement of access shall be exempted.*" (Italics ours.)

long plat resolution requires long plat approval for 5–acre subdivisions. Consequently defendants were required to seek plat approval from the local planning authority before subdividing their property into 5–acre tracts. We disagree.

In September 1971, the Board of County Commissioners of Island County adopted an amendment to its 1965 long plat resolution. The text of the amendment (Resolution No. 972) states:

> Whereas, *state laws* regarding platting have been revised in accordance with RCW 58.17; also, Island County's minimum zoning ordinance regulations applying to plats have been amended, and
> Whereas, *the Island County Platting Resolution is no longer in compliance with state law or Island County Ordinances,*
> Therefore, be it resolved by the Board of County Commissioners that the Platting Resolution be amended to conform with the statute and local ordinances.

The codification of this resolution, ICC 16.01.013, reads:

> Conflict—Amendment. If any provision of this chapter is not in conformity with state statutes or ICC 17.01, the *provision of this chapter is deemed amended to obviate any conflict.*

(Italics ours.)

This amendment incorporated by reference the exemptions of the state law where a conflict exists. Island County itself recognized that its platting resolution was not in compliance with the state law. Accordingly, the trial court did not err when it held that this amendment exempts 5–acre subdivisions under state and county platting regulations.

ISSUE 2: The 1½–acre tracts created by the state condemnation action are not illegal.

Part of this controversy involves defendants' effort to sell six lots, about 1½ acres in size, located on the "bluff" portion of Ebey's Prairie.

Prior to the initiation of this action, the State of Washington initiated a condemnation action to acquire 30

acres of the "bluff" property. Defendants previously subdivided these 30 acres into six 5–acre tracts pursuant to the state statute exemption. In December 1978, the State agreed to purchase approximately 21 out of the 30 acres sought in the initial condemnation petition. The defendants retained title to approximately 9 acres of the property located on six different 5–acre tracts.

■ We hold that the 1½–acre tracts created by the state condemnation action are legal and require no further approval from local or state planning agencies. We previously held herein that the defendants lawfully subdivided their land into 5–acre tracts. After the state condemnation proceeding was concluded, the defendants were left with six different 1½–acre parcels. Such a division did not violate any state or local platting regulation.

We need not consider the parties' remaining contentions. Affirmed.

CALLOW, C.J., concurs.

ANDERSEN, J. (concurring)—I concur with the majority opinion's holding that the conveyances in question did not violate state law controlling subdivisions and were not prohibited by local law in Island County at the time.

It should also be observed that Island County still retains the right to control use of the property in question in accordance with its local laws relating to zoning, short plats and short subdivisions. *See* RCW 58.17.060; Island County Code, ch. 16.04.

CALLOW, C.J., concurs with ANDERSEN, J.

Reconsideration denied October 7, 1980.

Review denied by Supreme Court February 27, 1981.